By the Court,

Nelson, C. J.
Had the defence been put at the circuit on the ground now taken, namely, that the entry and possession by force of the recovery in ejectment afforded higher evidence of the title than the prior possession of the plaintiffs, there might have been some dificulty in sustaining *the verdict. 16 Johns. R. 314. 7 Cowen, [ *439 ] 642. 15 Wendell, 172. I am not,' however, prepared to say that the doctrine is applicable to the facts as disclosed here. For aught that appears, Baxter, the landlord, had no knowledge of the suits against his tenants, (the Wheelers,) nor any opportunity to defend. Under such circumstances I cannot say the recovery is to have the effect of destroying the presumption of title arising from his prior possession. It is very easy to see that great injustice might be done, if by the default or collusion of his tenants he should be driven to put himself upon the legal title. In Jackson v. Rightmere, 16 Johns. Rep. 314, the leading case on the subject, the landlord had notice, and defended. It is unnecessary, however, to express a definitive opinion upon that point.
The ground taken at the circuit to resist a recovery was, that the judgment in ejectment, and the attornment of the tenants with the privity of Baxter, *336 concluded the latter; that his remedy was a new trial under the statute. To this the exceptions specially taken to the charge point. We have already held in Ryerss and others v. Rippey and another, (ante, p. 432,) that this defence is untenable. Had the defendant at the circuit taken the ground now urged the plaintiff might have fallen back upon his paper title. We know, from other cases before us this term, involving the title to other portions of the lot, of which these premises are a part, that it was in his power to do so. Even a prior possession might have been shewn, possibly, which, within Jackson v. Diefendorf, 3 Johns. R. 269, would have prevailed over the presumption of title by force of the entry under the recovery in ejectment.
New trial denied.